1  STEVEN J. BREWER, Esq. (State Bar No. 94889)
   GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER
2  1999 Harrison Street, Suite 1600
   Oakland, CA 94612-3528
3  Telephone:    510-832-5411
   Facsimile:    510-832-1918
4  E-mail:       sbrewer@giccb.com

5  Attorneys for Plaintiffs
   Nayeli Mendez and Hector Martinez
6

7
                        UNITED STATES DISTRICT COURT
8
                       NORTHERN DISTRICT OF CALIFORNIA
9

10

11

12  NAYELI MENDEZ and HECTOR            Case No. C07-02544 VRW
    MARTINEZ
13
            Plaintiffs,                 **PLAINTIFFS' MOTION AND NOTICE
14                                      FOR DIVISION TRANSFER**
    vs.
15
    UNITED STATES OF AMERICA
16
            Defendant.
17                                     /

18

19      Nayeli Mendez and Hector Martinez, the plaintiffs in the above entitled cause, move
20  the court pursuant to Civil Local Rules 3-2(f) to transfer this action from the San Francisco
21  division to the Oakland division.
22      1. This action arose in Alameda County. "A civil action arises in the county in which a
           substantial part of the events or omissions which give rise to the claim occurred."
23         Civil Local Rules 3-2(c). Here, the events and omissions giving rise to the claim
24         occurred both at La Clinica de la Raza, in Oakland, and at Alta Bates Hospital, in
25         Berkeley. Both Oakland and Berkeley are cities in Alameda County. Since all of the
26         medical negligence alleged occurred in Alameda County, the action did arise in
27         Alameda County within the meaning set forth in Civil Local Rules 3-2(c).
28      2. Since this action arose in Alameda County, Civil Local Rules 3-2(c) mandates that it

be assigned to an Alameda County division. "[E]xcept for Intellectual Property Actions, Securities Class Actions and Capital and Noncapital Prisoner Petitions or Prisoner Civil Rights Actions, upon filing, all civil actions and proceedings for which this district is the proper venue shall be assigned by the Clerk to a Courthouse serving the county in which the action arises." Civil Local Rules 3-2(c). Since this is a medical negligence action, and therefore may not properly be classified as any of the exceptions to Civil Local Rules 3-2(c), this case must be assigned by the Clerk to a Courthouse serving the county in which the action arose (Alameda County).

3. Because it was assigned to a San Francisco division, this action was not assigned to the proper division in accordance with Civil Local Rules 3-2(c).

4. Although Civil Local Rules 3-2(d) may authorize some civil actions arising in Alameda County to be assigned to the San Francisco Division or the Oakland Division, the rule applies only to civil actions which are not covered under 3-2(c). "Except as provided in Civil L.R. 3-2(c), all civil actions which arise in the counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma shall be assigned to the San Francisco Division or the Oakland Division." Civil Local Rules 3-2(d). Narrowly construed, this exception merely applies to cases arising in counties which may not have a Federal District Court, or that fall into one of the exceptions to Civil Local Rules 3-2(c) which that provision itself lists. Since this action is covered by Civil Local Rules 3-2(c), and arose in a county which does indeed have a Federal District Court, Civil Local Rules 3-2(d) does not apply.

5. Since both plaintiffs live in Oakland, the convenience of the plaintiffs will be significantly served by transferring the action to Alameda County.

6. Since the action arose in medical facilities located within Alameda County, numerous witnesses and pertinent evidence will be located within Alameda County.

7. The overwhelming convenience of the plaintiffs resulting from a transfer, coupled with the abundance of evidence and relevant witnesses located within Alameda County, both lead to an inference that the interests of justice will be served by transferring the action to Alameda County.

8. The trial of this action will in no manner be hindered nor delayed if this action is transferred to Alameda County, nor will such transfer be unduly burdensome upon any

1  necessary parties or relevant witnesses.

2  For all the reasons listed herein, plaintiffs request that the Court transfer this action to the Oakland division.

3  SIGNATURE ATTESTATION: I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

DATED: May 24, 2007

Respectfully submitted,

GWILLIAM, IVARY, CHIOSSO,
CAVALLI & BREWER


By:      /S/
STEVEN J. BREWER
Attorneys for Plaintiffs

#85079

STEVEN J. BREWER, Esq. (State Bar No. 94889)
GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER
1999 Harrison Street, Suite 1600
Oakland, CA 94612-3528
Telephone:    510-832-5411
Facsimile:    510-832-1918
E-mail:       sbrewer@giccb.com

Attorneys for Plaintiffs
Nayeli Mendez and Hector Martinez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAYELI MENDEZ and HECTOR MARTINEZ<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Case No. C07-02544 VRW<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO TRANSFER ACTION TO OAKLAND DIVISION |

A motion has been made by plaintiffs to transfer this action to the United States District Court for the Northern District of California, Oakland Division, pursuant to Civil Local Rules 3-2(f) on the grounds that 1) the action was not properly assigned to the San Francisco Division, or alternatively, that 2) the convenience of the parties and witnesses, and the interest of justice will be served by transferring the action the Alameda County Division.

Now, on reading the pleadings, and on reading and filing the notice of motion dated May 24, 2007, and upon due deliberation, the court finds that it would be in the interest of justice and would meet the convenience of parties and witnesses for this motion to be granted, and it also appears that this action might have been brought before the district court to which this transfer is sought,

It is ordered that the motion is granted, and that this action is transferred to the United States District Court for the Northern District of California, Oakland Division.

DATED:

---

United States District Court for the
Northern District of California

85345