SCOTT N. SCHOOLS (South Carolina Bar No. 9990)
United States Attorney
JOANN M. SWANSON (California Bar No. 88143)
Chief, Civil Division
KATHERINE B. DOWLING (California Bar No. 220767)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6833
Facsimile: (415) 436-7169
Email: katherine.dowling@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NAYELI MENDEZ & HECTOR MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. C 07-2544 VRW<br><br>JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER<br><br>Date: August 21, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 6, 17th Floor |

The parties jointly submit this Case Management Statement and request that the Court adopt it as its Case Management Order in this action.

**1.   Jurisdiction and Service**

This Court has jurisdiction over this matter because it arises under the Federal Tort Claims Act, 28 U.S.C. §1346(b).

**2.   Facts**

This is a wrongful death action in which Plaintiffs, Ms. Mendez and Mr. Martinez, allege that Dr. Philipp Bannwart, a physician at La Clinica de la Raza (Fruitvale Health Project in Oakland, CA), negligently delayed a Cesarean section and attempted a vacuum extraction of their son Isaac Mendez. Plaintiffs' allege that Dr. Bannwart's actions caused the death of their son.

La Clinica de la Raza is a federally supported health center under the Federally Supported Health Centers Assistance Act of 1992.

**3.    Legal Issues**

a. Whether or not Defendant met the requisite standard of care for the procedures performed.

b. Nature and extent of Plaintiff Mendez' alleged emotional damages.

c. Issue of causation of injuries.

**4.    Motions**

It is difficult to assess at this juncture prior to discovery, but, Defendant may file a motion for summary judgment on the issue(s) of standard of care, causation and/or informed consent.

**5.    Amendment of Pleadings**

None anticipated.

**6.    Evidence Preservation**

Parties are taking, and will continue to take, all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit. Parties are not presently aware of any document destruction programs that would apply in this case.

**7.    Disclosures**

Parties will exchange initial disclosures prior to the case management conference.

**8.    Discovery Taken to Date**

Discovery has not yet commenced. The parties request no departure from the discovery rules set forth in the Federal Rules of Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33 and 10-deposition limit under Rule 30.

Defendant may require an independent medical examination of plaintiff, Ms. Mendez, to assess the impact, if any, of her health background on the issue of causation.

Defendant will also require an independent medical examination of plaintiff Mendez by a psychiatrist because plaintiff Mendez is claiming "serious emotional distress".

Given that several additional and different medical experts will also be required in

addition to the above listed experts to assess causation as well as the standard of care, Defendant anticipates the need for five experts. No economic damages are alleged in this case

Parties anticipate taking discovery on the following subjects: the allegations of negligence, the issues of causation and standard of care as well as the scope, nature, and extent of plaintiff Mendez' alleged emotional distress damages.

## 9. Class Action

Not applicable.

## 10. Related Cases

There are no related cases.

## 11. Relief

Plaintiff seeks money damages of $500,000 plus costs, reasonable attorney's fees and such other relief as the court deems proper.

Defendant seeks no damages in this action, other than dismissal and costs. Plaintiffs' administrative tort claim filed with the agency demanded $500,000. In accordance with 28 U.S.C. § 2675(b), Plaintiffs can not recover more than the amount demanded in their administrative tort claim. In addition, California caps non-economic damages, defined as compensation for pain, suffering, inconvenience, physical impairment, disfigurement and other non-pecuniary injury, in medical malpractice cases at $250,000. California Medical Injury Compensation Recovery Act ("MICRA"), Cal. Civ. Code §§ 3333.1 *et seq*. The damages cap applies whether the case is for injury or wrongful death, and the statute only allows one $250,000 recovery in the aggregate for a single action, regardless of the number of plaintiffs.

## 12. Settlement and ADR

The parties have not participated in any settlement discussions, but have already agreed to mediation. Parties request that mediation not be automatically set for 90 days after the case management conference. Parties require that a fair bit of discovery be accomplished in order to have a productive mediation.

The parties have complied with ADR Local Rule 3-5.

## 13. Consent to Magistrate Judge

Parties do not consent to assignment of this case to a magistrate judge.

**14.     Other References**

None at this time.

**15.     Narrowing of the Issues**

None at this time.

**16.     Expedited Schedule**

The parties do not believe an expedited schedule is appropriate for this case.

**17.     Scheduling**

Proposed fact discovery cut-off: March 31, 2008

Proposed cut-off for initial expert reports: April 14, 2008

Proposed expert discovery cut-off: May 14, 2008

Proposed dispositive motion hearing cut-off: June 19, 2008

Proposed pretrial conference date: September 23, 2008

Proposed trial date: October 21, 2008

**18.     Trial**

This bench trial is expected to last 5-7 days.

**19.     Disclosure of Non-Party Interested Entities or Persons**

None known by the parties at this time. As a governmental agency, defendant is exempt from the disclosure requirement of Civil Local Rule 3-16.

//
//
//
//
//
//
//
//
//

Joint CMC Stmt. & [Proposed] Order
Case No. C 07-2544 VRW                -4-

**20.     Other Matters**

None at this time.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: Aug 14, 2007 | GWILLIAM, IVARY, CHIOSSO, CAVALI & BREWER |
|  | _____/s/_____<br>STEVEN J. BREWER<br>Attorney for Plaintiff |
| DATED: Aug. 14, 2007 | SCOTT N. SCHOOLS<br>United States Attorney |
|  | _____/s/_____<br>KATHERINE B. DOWLING<br>Assistant United States Attorney<br>Attorneys for Defendant |

## [PROPOSED] ORDER

The Case Management Statement and Proposed Order is hereby adopted by this Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

IT IS SO ORDERED.

Dated: _____       _____
                                            VAUGHN R. WALKER
                                            United States District Court Judge