JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7155
Facsimile: (415) 436-6927
Email: neill.tseng@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NAYELI MENDEZ & HECTOR MARTINEZ,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. C 07-2544 VRW<br><br>JOINT FURTHER CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER<br><br>Date:　February 7, 2008<br>Time:　3:30 p.m.<br>Place:　Courtroom 6, 17th Floor |

　　　　The parties jointly submit this Case Management Statement and request that the Court adopt it as its Case Management Order in this action.

**1.　Jurisdiction and Service**

　　　　This Court has jurisdiction over this matter because it arises under the Federal Tort Claims Act, 28 U.S.C. §1346(b).

**2.　Facts**

　　　　This is a wrongful death action in which Plaintiffs, Ms. Mendez and Mr. Martinez, allege that Dr. Philipp Bannwart, a physician at La Clinica de la Raza (Fruitvale Health Project in Oakland, CA), negligently delayed a Cesarean section and attempted a vacuum extraction of their son Isaac Mendez. Plaintiffs' allege that Dr. Bannwart's actions caused the death of their son.

La Clinica de la Raza is a federally supported health center under the Federally Supported Health Centers Assistance Act of 1992.

**3.    Legal Issues**

a.  Whether or not Defendant met the requisite standard of care for the procedures performed.

b.  Nature and extent of Plaintiffs' alleged emotional damages.

c.  Issue of causation of injuries.

**4.    Motions**

Defendant may file a motion for summary judgment on the issue(s) of standard of care, causation, and/or informed consent.

**5.    Amendment of Pleadings**

None anticipated.

**6.    Evidence Preservation**

Parties are taking, and will continue to take, all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit.  Parties are not presently aware of any document destruction programs that would apply in this case.

**7.    Disclosures**

Parties have exchanged initial disclosures.

**8.    Discovery Taken to Date**

The parties request no departure from the discovery rules set forth in the Federal Rules of Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33 and 10-deposition limit under Rule 30.

Plaintiffs have noticed the deposition of Dr. Philip Bannwart for February 5, 2008.

Defendant has noticed the depositions of both plaintiffs for February 21, 2008.

Defendant may require an independent medical examination of plaintiff Mendez to assess the impact, if any, of her health background on the issue of causation.

Defendant may also require an independent medical examination of both plaintiffs by a psychiatrist because both plaintiffs are claiming "serious emotional distress."

Given that several additional and different medical experts will also be required in addition to the above listed experts to assess causation as well as the standard of care, Defendant anticipates the need for five experts. No economic damages are alleged in this case.

Parties anticipate taking discovery on the following subjects: the allegations of negligence, the issues of causation and standard of care as well as the scope, nature, and extent of Plaintiffs' alleged emotional distress damages.

**9.      Class Action**

Not applicable.

**10.     Related Cases**

There are no related cases.

**11.     Relief**

Plaintiffs seek money damages of $500,000 plus costs, reasonable attorney's fees and such other relief as the court deems proper.

Defendant seeks no damages in this action, other than dismissal and costs. Plaintiffs' administrative tort claim filed with the agency demanded $500,000. In accordance with 28 U.S.C. § 2675(b), Plaintiffs can not recover more than the amount demanded in their administrative tort claim. In addition, California caps non-economic damages, defined as compensation for pain, suffering, inconvenience, physical impairment, disfigurement and other non-pecuniary injury, in medical malpractice cases at $250,000. California Medical Injury Compensation Recovery Act ("MICRA"), Cal. Civ. Code §§ 3333.1 *et seq*. The damages cap applies whether the case is for injury or wrongful death, and the statute allows only one $250,000 recovery in the aggregate for a single action, regardless of the number of plaintiffs.

**12.     Settlement and ADR**

The parties have not participated in any settlement discussions. The parties previously requested that mediation not be automatically set for 90 days after the initial case management conference, which was held on August 28, 2007. Parties agreed to a further case management conference, which was originally set for January 31, 2008, and later continued to Feburary 7, 2008, to discuss mediation options. Parties require that a fair bit of discovery be accomplished in

Joint Further CMC Stmt. & [Proposed] Order
Case No. C 07-2544 VRW                    -3-

order to have a productive mediation.

The parties have complied with ADR Local Rule 3-5.

**13.    Consent to Magistrate Judge**

Parties do not consent to assignment of this case to a magistrate judge.

**14.    Other References**

None at this time.

**15.    Narrowing of the Issues**

None at this time.

**16.    Expedited Schedule**

The parties do not believe an expedited schedule is appropriate for this case.

**17.    Scheduling**

Fact discovery cut-off: March 31, 2008

Cut-off for initial expert reports: April 14, 2008

Expert discovery cut-off: May 14, 2008

Dispositive motions hearing: August 14, 2008 at 2:30 p.m.

Pretrial conference: September 25, 2008 at 3:30 p.m. (including motions in limine)

Trial date: none set

**18.    Trial**

This bench trial is expected to last 5-7 days.

**19.    Disclosure of Non-Party Interested Entities or Persons**

None known by the parties at this time.  As a governmental agency, defendant is exempt from the disclosure requirement of Civil Local Rule 3-16.

**20.    Other Matters**

None at this time.

//

//

//

//

|   |   |
|---|---|
| | Respectfully submitted, |
| DATED: January 25, 2008 | GWILLIAM, IVARY, CHIOSSO, CAVALI & BREWER |
| | _____/s/_____<br>STEVEN J. BREWER<br>Attorney for Plaintiff |
| DATED: January 25, 2008 | JOSEPH P. RUSSONIELLO<br>United States Attorney |
| | _____/s/_____<br>NEILL T. TSENG<br>Assistant United States Attorney<br>Attorneys for Defendant |

## [PROPOSED] ORDER

The Case Management Statement and Proposed Order is hereby adopted by this Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

IT IS SO ORDERED.

Dated: _____          _____
                                                VAUGHN R. WALKER
                                                United States District Court Judge