```
 1  STEVEN J. BREWER, Esq. (State Bar No. 94889)
    GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER
 2  1999 Harrison Street, Suite 1600
    Oakland, CA 94612-3528
 3  Telephone:   510-832-5411
    Facsimile:   510-832-1918
 4
    Attorneys for Plaintiffs
 5

 6  JOSEPH P. RUSSONIELLO (CSBN 44332)
    United States Attorney
 7  JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
 8  NEILL T. TSENG (CSBN 220348)
    Assistant United States Attorney
 9
        450 Golden Gate Avenue, Box 36055
10      San Francisco, California 94102-3495
        Telephone: (415) 436-7155
11      Facsimile: (415) 436-6927
        Email: neill.tseng@usdoj.gov
12
    Attorneys for Defendant
13
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| NAYELI MENDEZ and HECTOR MARTINEZ,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. C 07-02544 VRW<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT; [PROPOSED] ORDER** |
|---|---|

      BY AND THROUGH THEIR ATTORNEYS OF RECORD, THE PARTIES AGREE TO THE FOLLOWING STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER:

      1.    The parties do hereby agree to settle, compromise and dismiss the above-captioned action ("This Action") under the terms and conditions set forth herein.

      2.    Defendant United States of America ("Defendant") agrees to pay the sum of Three Hundred Twenty Five Thousand Dollars and No Cents ($325,000.00) to Plaintiffs Nayeli

Mendez and Hector Martinez ("Plaintiffs"), made payable to Nayeli Mendez, Hector Martinez and Gwilliam, Ivary, Chiosso, Cavalli & Brewer under the terms and conditions set forth herein.

3. Plaintiffs and their heirs, executors, administrators, assigns and attorneys hereby agree to accept the sum of Three Hundred Twenty Five Thousand Dollars and No Cents ($325,000.00) in full and final settlement and satisfaction of the claims raised in This Action under the terms and conditions set forth herein.

4. The parties also agree that the settlement amount of Three Hundred Twenty Five Thousand Dollars and No Cents ($325,000.00) represents the entire amount payable to Plaintiffs and their heirs, executors, administrators, assigns, agents, representatives, consultants and attorneys.

5. The parties also agree that neither Plaintiffs nor any of their attorneys may make any claim for attorney's fees or other costs or expenses of litigation against Defendant, its agents, servants, or employees in connection with Plaintiffs' claims as set forth herein.

6. In consideration of the payment of Three Hundred Twenty Five Thousand Dollars and No Cents ($325,000.00) and the other terms of this Stipulation and Agreement, Plaintiffs agree that they will <u>immediately upon execution of this agreement</u> execute a Stipulation of Dismissal, which stipulation shall dismiss with prejudice all claims asserted in This Action and any claims that could have been asserted in This Action, which is captioned <u>Nayeli Mendez and Hector Martinez v. United States of America</u>, C 07-02544 VRW. The fully-executed Stipulation of Dismissal will be held by Defendant's counsel and will be filed with the Court upon receipt by Plaintiffs' counsel of the settlement amount.

7. Defendant will tender the settlement check within ninety (90) days of the Court's order approving the terms listed in this Stipulation and Agreement.

8. The parties further agree that the filing of this executed Stipulation and Agreement shall notify the Court of the parties' agreement to vacate all pending discovery, motion hearing dates, pretrial deadlines and any other case management date associated with this litigation.

STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT; [PROPOSED] ORDER
C 07-02544 VRW                                          2

1      9.    In consideration of the payment of Three Hundred Twenty Five Thousand Dollars and No Cents ($325,000.00) and the other terms set forth in this Stipulation and Agreement, as set forth above, Plaintiffs hereby release and forever discharge Defendant and any and all of its past and present officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to This Action.

    10.    The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542 by their attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights they may have pursuant to the provision of that statute or pursuant to any similar provision of federal law. Plaintiffs understand that if the facts concerning Plaintiffs' claimed injuries and the liability of Defendant or its agents, servants, or employees for damages pertaining thereto are found hereafter to be other than or different from the facts now believed to be true, this Stipulation and Agreement shall be and remain effective notwithstanding such material difference.

    11.    The parties acknowledge that neither this Stipulation and Agreement nor anything contained herein shall constitute an admission of liability or fault on the part of Defendant or its agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

    12.    This Stipulation and Agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party that arises out of the claims released and discharged by this agreement.

    13.    Plaintiffs and their counsel have been informed and agree that payment of the

1  settlement amount may take up to ninety (90) days to process. Defendant will submit a request
2  for payment to the National Finance Center within seven (7) days after Plaintiffs' execution of
3  this Stipulation and Agreement.
4       14.    The parties agree that the District Court shall retain jurisdiction over this matter
5  for the purpose of resolving any dispute alleging a breach of this Stipulation and Agreement.
6       15.    Each party acknowledges that it has been represented by and has relied upon
7  independent counsel in negotiating, preparing and entering into this Stipulation and Agreement
8  and that it has had the contents of this Stipulation and Agreement fully explained by counsel and
9  that it is fully aware of and understands all of the terms of the agreement and the legal
10 consequences thereof. It is further acknowledged that the parties have mutually participated in
11 the drafting of this Stipulation and Agreement and it is agreed that no provision herein shall be
12 construed against any party hereto by virtue of the drafting of this Stipulation and Agreement.
13      16.    If any provision of this Stipulation and Agreement shall be held invalid, illegal, or
14 unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in
15 any way be affected or impaired thereby. This instrument shall constitute the entire agreement
16 between the parties, and it is expressly understood and agreed that this agreement has been freely
17 and voluntarily entered into by the parties hereto with the advice of counsel, who have explained
18 the legal effect of this agreement. The parties further acknowledge that no warranty or
19 representation has been made on any subject other than as set forth in this Stipulation and
20 Agreement.
21      17.    Pursuant to 42 U.S.C. § 233(k)(2), in each fiscal year the Secretary of the
22 Department of Human Services is required to establish a fund, not to exceed $10,000,000, for the
23 payment of settlements and judgments of medical malpractice cases involving deemed public
24 health service employees. The actual amount of the fund is subject to appropriations by
25 Congress. Each year, the amount of settlements and judgments have exceeded the amount
26 appropriated into the fund by Congress. Payment of any settlement or judgment is contingent
27 upon appropriations into the fund.
28

STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT; [PROPOSED] ORDER
C 07-02544 VRW                              4

```
 1        SO STIPULATED.

 2   Dated: April 10, 2008           Nayeli Mendez
 3                                   _____
                                     NAYELI MENDEZ, Plaintiff
 4

 5   Dated: April 10, 2008           HECTOR MARTINEZ
                                     _____
 6                                   HECTOR MARTINEZ, Plaintiff

 7
     Dated: April 10, 2008    By:    _____
 8                                   STEVEN J. BREWER
                                     GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER
 9                                   Attorneys for Plaintiffs

10

11                                   JOSEPH P. RUSSONIELLO
                                     United States Attorney
12

13
     Dated: April 14, 2008    By:    _____
14                                   NEILL T. TSENG
                                     Assistant United States Attorney
15                                   Attorneys for Defendant

16
     PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND
17   SO ORDERED:

18

19   Dated: _____
                                     _____
20                                   The Honorable VAUGHN R. WALKER
                                     United States Chief District Judge
21
```

STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT; [PROPOSED] ORDER
C 07-02544 VRW                              5